# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:18-CV-635-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| APPROX. $2,209 IN UNITED STATES ) | |
| CURRENCY, and APPROX. $50,000 IN ) | |
| FUNDS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the status of this case. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. After careful consideration of the record of this case, the undersigned finds that this action should be dismissed.

## BACKGROUND

The Government initiated this action with the filing of a "Complaint For Forfeiture *In Rem*" (Document No. 1) on November 27, 2018. By its "Complaint…" the Government seeks

> all present and future interest in the following properties (hereafter collectively, "the Properties'):
>
> a. Approximately $2,209 in United States Currency (hereafter, "the Currency") seized during execution of a Search Warrant at Luxury Nails Salon in Davidson, North Carolina; and
>
> b. Approximately $50,000 in funds (hereafter, "the Funds") seized via Seizure Warrant from Wells Fargo Account XXXXXX5867, such account held in the name of Luxury Nails Salon.

(Document No. 1, pp. 1-2).

Based on alleged unlawful acts by Thuy Tien Luong ("Luong" or "Claimant"), the Government concludes that all right, title and interest in the Properties is forfeitable to the United States pursuant to 18 U.S.C. § 981(f).  (Document No. 1, p. 13).

The Clerk of Court issued a "Warrant For Arrest *In Rem*" (Document No. 2) on November 27, 2018.  In January 2019, Claimant Luong, represented by Wilbert Sherrill, filed a "Claim Of Ownership Of Seized Property" (Document No. 4) and "Answer To Complaint For Forfeiture *In Rem*" (Document No. 6).  Between January and December 2019, there appears to have been little, if any, activity in this case.  In December 2019, the parties filed a "Certification And Report Of Fed.R.Civ.P. 26(F) Conference And Discovery Plan" and consented to Magistrate Judge jurisdiction on December 17, 2019.  (Document Nos. 8 and 9).

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 10) on January 7, 2020.  The "…Case Management Order" includes the following deadlines:  discovery completion – April 30, 2020;  dispositive motions – June 30, 2020;  and trial – December 7, 2020.  (Document No. 10).

The parties filed a "Joint Motion To Stay" (Document No. 13) on March 30, 2020.  The parties noted that Claimant Luong had been charged in a Bill Of Indictment that alleged substantially the same facts underlying this civil forfeiture case.  (Document No. 13).  The parties asserted that a stay of this action was mandatory while the parties were litigating the related criminal prosecution, USA v. Luong, 3:20-CR-079-KDB-DCK.  Id.  On March 31, 2020, the undersigned granted the parties' "Joint Motion To Stay" and directed that a status report be filed "within **fourteen (14) days** of the conclusion of the criminal case."  (Document No. 14).

2

The related criminal trial concluded on or about January 8, 2021, and resulted in the conviction of Claimant Thuy Tien Luong. See (3:20-CR-079-KDB-DCK-1, Document No. 74). Neither side filed a status report in this case.

On January 21, 2022, the undersigned issued an Order directing that "counsel for the parties shall file a Status Report within **ten (10) days** of Defendant Luong's sentencing in the related case: USA v. Luong, 3:20-CR-079-KDB-DCK." (Document No. 17, p. 2). The undersigned also ordered Defendant's counsel, Mr. Sherrill, to file a Status Report by January 28, 2022.

Mr. Sherrill failed to file a Status Report, but did file a "Motion To Withdraw As Counsel" (Document No. 18) on March 2, 2022. Mr. Sherrill's "Motion To Withdraw…" was granted on March 3, 2022. (Document No. 19). In that Order, the undersigned noted that

> [t]his is the undersigned's oldest pending case. Respectfully, it appears that resolution of the case has been delayed by the failures of counsel on both sides to keep the Court apprised of the status of the related criminal action, and of Claimant's representation in this case. . . . This is all very frustrating, and the Court expects better.

(Document No. 19).

The undersigned further noted that Mr. Sherrill had identified Steven T. Meier as Claimant Thuy Tien Luong's current counsel. Id. (citing Document No. 18, p. 3). As such, the Court "**ORDERED** that Steven T. Meier shall file a Status Report and/or Notice of Appearance in this case, on or before **March 9, 2022**, confirming whether or not he represents Claimant Thuy Tien Luong in this civil action." (Document No. 19, p. 2). Mr. Meier failed to file a Report or Notice.

The Honorable Kenneth D. Bell conducted a sentencing hearing regarding Thuy Tien Luong in the related criminal action on June 15, 2022. USA v. Luong, 3:20-CR-079-KDB-DCK. Judge Bell entered a "Judgment In A Criminal Case" on June 17, 2022, and, *inter alia*, ordered

Luong to be imprisoned for one hundred eighty (180) months and to pay restitution in the amount of $74,626.34.  Id. at (Document No. 93).

Judge Bell also directed that Luong forfeit her interest in the property identified in the "Preliminary Order Of Forfeiture" including $2,209 in U.S. currency and approximately $50,000 in seized funds.  Id. (citing Document No. 51).  The "Judgment In A Criminal Case" incorporates the "Preliminary Order Of Forfeiture."  Id.  The property identified in Judge Bell's "Preliminary Order Of Forfeiture" and then incorporated into the criminal "Judgment…," are the same Properties that are the subject of this civil forfeiture lawsuit.  The criminal "Judgment…" is now being appealed to the United States Court of Appeals for the Fourth Circuit.  Id. at (Document No. 96).

Counsel for the Government, Benjamin Bain-Creed, failed to file a Status Report following the sentencing in the criminal action, as had been ordered in this case on January 21, 2022. (Document No. 17).

On July 8, 2022, the undersigned again ordered Mr. Meier and Mr. Bain-Creed to file Status Reports, and directed the Government to show cause why this action should not be dismissed.  This time, Status Reports were timely filed.  (Document Nos. 21 and 22).

## DISCUSSION

Based on the record of this case, the "Judgment…" in the criminal action, and the recent Status Reports (Document Nos. 21 and 22), the undersigned finds that this civil action should be dismissed.

The Government's recent Status Report expresses its preference for continuing the stay of this action until the conclusion of the appeal of the related criminal case.  (Document No. 21, p. 1).  In the alternative, "the Government respectfully requests that, if this Court dismisses this case,

4

Case 3:18-cv-00635-DCK   Document 25   Filed 09/09/22   Page 4 of 5

this Court does so without prejudice to any future refiling of the case in the event that criminal Defendant Luong prevails on appeal of her criminal conviction." (Document No. 21, p. 2). The Government reports that it conferred with Mr. Meier, acting in his capacity as criminal defense counsel for Claimant, and that he "confirmed that he does not oppose either a continuing stay or dismissal without prejudice, but retains all rights to contest the merits of the civil forfeiture in any future proceeding." Id.; see also (Document No. 22).

Based on the foregoing, particularly the "Judgment In A Criminal Case" ordering that the Properties be forfeited to the United States, the undersigned finds that this action is now moot and should be dismissed. The undersigned respectfully adopts the Government's request that such dismissal be without prejudice so that this civil forfeiture action might be re-filed if Claimant Luong prevails in the appeal of the criminal action, USA v. Luong, 3:20-CR-079-KDB-DCK.

**IT IS, THEREFORE, ORDERED** that the "Complaint For Forfeiture *In Rem*" (Document No. 1) is **DISMISSED WITHOUT PREJUDICE**. This action shall be **CLOSED**.

**SO ORDERED**.

Signed: September 9, 2022

David C. Keesler
United States Magistrate Judge